Filed 12/9/13  P. v. Jones CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARLIN JONES, JR.,<br><br>    Defendant and Appellant. | B248277<br><br>(Los Angeles County<br> Super. Ct. No. MA012309) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Dee Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Marlin Jones, Jr., appeals from an order denying his motion to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act). (Pen. Code, § 1170.126).[1] His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a supplemental brief.

In 1997, appellant was convicted of first degree burglary (§ 459), forgery (§ 470), intimidation or dissuading a witness (§ 136.1, subd. (c)(1)), and grand theft of a firearm (§ 487, subd. (d)). Two prior serious or violent felonies and a prior prison term were found to be true. Appellant was sentenced to a total of 81 years to life, consisting of three consecutive terms of 25 years to life on the burglary, forgery, and dissuading a witness counts. On the burglary count, the court also imposed one year for the prior prison term enhancement (§ 667.5) and five years for the serious felony enhancement (§ 667, subd. (a)). A 25-years-to-life sentence for grand theft of a firearm was stayed. We affirmed. (*People v. Jones* (1998) 67 Cal.App.4th 724.)

On February 28, 2013, appellant filed a motion for resentencing under sections 1170.126, 667, subdivision (f)(2), 1385, and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court denied the motion with prejudice because appellant was convicted of burglary, a violent felony under section 667.5, subdivision (c)(21), and therefore was ineligible for resentencing under section 1170.126.

Section 1170.126 applies to a person serving an indeterminate life sentence imposed upon conviction of a felony or felonies *not* defined as serious or violent for purposes of the Three Strikes law; such a person may petition for a recall of sentence and request resentencing. (See § 1170.126, subd. (a) & (b).) Resentencing depends on meeting additional eligibility criteria and on the court's discretionary determination that it "would not pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (e) & (f).)

Courts of Appeal are split on the issue whether a person who is ineligible for resentencing under section 1170.126 may appeal from an order denying a petition to

---

[1] Statutory references are to the Penal Code.

recall a sentence, and the Supreme Court has granted review to consider the appealability of a such an order. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; see also *People v. Leggett* (2013) 219 Cal.App.4th 846, 852–853, petn. for review pending, petn. filed Oct. 28, 2013 [citing § 1237, subd. (b) and holding that only defendant with substantial rights under section 1170.126 may appeal from order denying petition to recall]; but see *People v. Wortham* (2013) 220 Cal.App.4th 1018, 1023 [finding "little practical difference in reviewing a trial court's order for correctness before dismissing it as nonappealable and in reviewing the order for correctness before affirming it"].)

Under *People v. Wende*, *supra*, 25 Cal.3d 436, we review the record to determine whether there are arguable issues on appeal. To the extent that the issue of defendant's eligibility under section 1170.126 is relevant to the merits of his appeal, we conclude that it is not an arguable issue and affirm the order instead of dismissing the appeal. Appellant is not eligible for resentencing under 1170.126, subdivision (e) (1) because his current indeterminate life sentence is based on his conviction of two serious or violent felonies: first degree burglary, both a serious and a violent felony for purposes of the Three Strikes law (§§ 1192.7, subd. (c)(18) & 667.5, subd. (c)(21)), and intimidation of a witness, a serious felony (§ 1192.7, subd. (c)(37)). Due to his conviction of these felonies, his sentence under the Reform Act "would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).)

In his supplemental brief, appellant argues the court should have considered his motion as a *Romero* motion to strike his prior strike convictions under section 1385. This is not an arguable issue on appeal. A trial court does not have general jurisdiction to resentence a criminal defendant after execution of sentence has begun. (See *People v. Howard* (1997) 16 Cal.4th 1081, 1089.) Section 1385 does not grant the court such jurisdiction. Defendant's sentence is not clearly unauthorized, so as to be subject to correction at any time. (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

Our review of the record reveals no arguable issues for appeal.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

SUZUKAWA, J.

4